UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LASHANI D. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH T. ROSS and ARROW EXTERMINATORS, INC, a Georgia Corporation,<br><br>Defendants. | **No: 3:25-cv-338**<br><br>*ELECTRONICALLY FILED*<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

AND NOW, JOSEPH T. ROSS and ARROW EXTERMINATORS, INC. (hereinafter referred to as "Defendants"), by and through counsel, Dickie McCamey & Chilcote, P.C., hereby removes this matter from the General Court of Justice, Superior Court Division, County of Mecklenburg in the State of North Carolina to the United States District Court for the Western District of North Carolina, and in support thereof avers as follows:

### STATEMENT OF THE CASE

1. Plaintiff commenced this action by filing a Summons and Complaint on April 11, 2025, in the General Court of Justice, Superior Court Division, County of Mecklenburg in the State of North Carolina, Case No.: 25CV018364-590 (" the Complaint" or "Compl."). A copy of the Complaint is attached hereto as Exhibit 1. Plaintiff asserts causes of action of Negligence as to Defendant Ross (Compl. ¶¶16 to 22) and Vicarious Liability as to Defendant Arrow Exterminators. (Compl. ¶ ¶ 23 to 29).

2. Plaintiff alleges that in Mecklenburg County, North Carolina, on July 28, 2022, at approximately 8:05 p.m. she stopped her motor vehicle at a red traffic light (Compl. ¶ 11) and that

1

her vehicle was thereafter struck in the rear by the vehicle operated by Defendant Ross. (Compl. ¶17). Plaintiff alleges that Defendant Ross was operating a vehicle owned by Defendant Arrow Exterminators, Inc. and alleges, among other allegations, that Defendant Ross was operating the vehicle with the permission of Arrow Exterminators. (Compl. ¶14).

3. Plaintiff alleges that as a result of the collision between the two vehicles she has sustained damages and will continue to sustain damages in the future, including, but not limited to, physical injuries, emotional injuries, scarring, pain and suffering, past medical expenses, future medical expenses, loss of earnings, permanent injury, and such other and further damages as made be shown at trial. (Compl. ¶¶ 21 and 28).

4. Plaintiff alleged she is entitled to recover damages in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00). However, North Carolina Rules of Civil Procedure require that complaints not specify exact damages above a sum certain for some claims. See e.g., N.C. Gen. Stat. 1A-1, 8(a)(2) (requiring that negligence actions for damages exceeding $25,000 plead damages "in excess of' $25,000 rather than an exact amount).")

5. Defendant Arrow Exterminators preserves all Rule 12(b) defenses and all other defenses and not waiving the same regarding Plaintiff's Attorney filed a certificate of service alleging the Summons and Complaint was received as to Defendant Arrow Exterminators on April 21, 2025. The Plaintiff's Attorney's Affidavit of Service is attached hereto as Exhibit 2.

6. While preserving all Rule 12(b) defenses and all other defenses and not waiving the same, upon information and belief, pursuant to the provisions of the General Statutes of North Carolina, Section 1-105 and 1-105.1 the North Carolina Commissioner of Motor Vehicles received a copy of the Summons and Complaint against Defendant Ross on, or about, May 1, 2025. A copy

2

of the Notice of Service of Process from the North Carolina Commissioner of Motor Vehicles dated May 1, 2025 is attached hereto as Exhibit 3.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(a)

7. Pursuant to 28 U.S.C.A. § 1441(b), this action is removable from state court on the basis of diversity jurisdiction under 28 U.S.C.A. § 1332(a), et seq.

8. Under 28 U.S.C.A. 1332(a), diversity of citizenship exists where 1) the parties to the litigation are citizens of different states, and 2) the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

9. Plaintiff alleges that for all periods of time relevant hereto she is and was a citizen and resident of Charlotte, Mecklenburg County, North Carolina. *See* Complaint ¶1

10. Defendant Joseph T. Ross is currently a citizen and resident of the State of Georgia. Plaintiff alleges the same in the Complaint at ¶ 2.

11. For all periods of time relevant hereto, Defendant Arrow Exterminators, Inc. has been a corporation organized and existing under the laws of the State of Georgia. Plaintiff alleges the same in the Complaint at ¶ 4. Defendant Arrow Exterminators has its principal place of business located at 8613 Roswell, Road, NE, Atlanta, GA 30340. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, for jurisdictional purposes Defendant Arrow Exterminator is a citizen of the State of Georgia.

12. Defendant Arrow was not a citizen of the State of North Carolina at any time relevant hereto, nor is Defendant Ross currently a resident of the State of North Carolina.

13. Defendants and Plaintiff are diverse in citizenship.

3

14. The amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

15. Paragraphs 21 and 28 of the Complaint allege Plaintiff "has sustained damages and will continue to sustain damages in the future, including but not limited to, physical injuries, emotional injuries, scarring, pain and suffering, past medical expenses, future medical expenses, loss of earnings, permanent injury" and "such other and future damages".

16. N.C.Gen.Stat. § 1A-1, North Carolina Rules of Civil Procedure Rule 8(a)(2) mandates that for negligence actions the Plaintiff can only allege damages in excess of $25,000.00. The Complaint contains numerous allegations seeking "an amount in exceeding twenty-five thousand dollars ($25,000.00)." See Complaint ¶¶ 21 and 28.

17. Pursuant to 28 U.S. Code § 1446 (c)(2)(A)(ii), the defendant may assert an amount in controversy in the Notice of Removal if the initial pleading seeks non-monetary relief or a money judgment. "That is, the party "'must provide enough facts to allow a court to determine - not speculate - that it is more likely than not' that the case belongs in federal court."...Freeman v. Calhoun, 1:23CV382 (W.D. N.C. Sep 09, 2023). "When the amount of damages is unspecified in the complaint, the "defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" Id. "In that case, a court may consider "any evidence of the amount in controversy.". Id. (citing Lunsford v. Cemex, Inc., 733 F.Supp.2d 652, 657 (M.D. N.C. 2010)). Some courts have also found it facially apparent from the complaint that the amount of controversy has been met when the plaintiff alleges serious, permanent injury.

18. While preserving all defenses to claims alleged in the Complaint, this matter arises from a motor vehicle accident and [b]ased on this claim, and upon other information known to

4

Defendant regarding Plaintiff's injuries, upon information and belief, Plaintiff has alleged damages in excess of $75,000.0.

19. As such, the requirements of 28 U.S.C.A. 1332(a), of diversity of citizenship and amount in controversy have been satisfied, and this action is removeable under 28 U.S.C.A. § 1441(b).

20. Finally, removal to the Western District of North Carolina is proper because Mecklenburg County, North Carolina, where this action was initially filed, is within the jurisdiction of the United States District Court for the Western District of North Carolina.

21. Notice of removal of this action will be given to all parties and the Clerk of Court of Mecklenburg County, as required by 28 U.S.C.A. § 1446(d), and is attached hereto as "Exhibit 4".

22. A copy of the Summons and Complaint filed in the General Court of Justice, Superior Court Division, in Mecklenburg County, North Carolina is attached hereto as "Exhibit 1".

23. By filing this Notice of Removal, Removing Defendants do not waive any defenses which may be available to them in state court and expressly deny liability for any damages alleged by Plaintiff Shanni Thomas.

WHEREFORE, Defendants pray that this State Court action be removed from the General Court of Justice, Superior Court Division, County of Mecklenburg in the State of North Carolina to the United States District Court for the Western District of North Carolina.

**JURY TRIAL DEMANDED.**

Respectfully submitted this 20th day of May, 2025.

s/ Denise L Bessellieu
Denise L. Bessellieu, Esq. (Fed. Id. and NC Bar No. 42689)
DICKIE, McCAMEY & CHILCOTE, P.C.

5

2101 Rexford Road, Suite 250E, Charlotte, NC 28211
704-998-5184 (ext. 4108) /Fax 888-811-7144
dbessellieu@dmclaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via Fax to the following individuals as indicated below:

Adrienne S. Blocker, Esq.
P.O. Box 34426
Charlotte, NC 28234
ABlocker@DeMayoLaw.com
704-243-5991 (Fax)

                                                  s/ Denise L. Bessellieu
                                                  Counsel or Defendants

33505163.1